**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGJIE YU, | No. 17-71021 |
| Petitioner, | Agency No. A099-898-514 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Hongjie Yu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion to reconsider the

denial of her prior motion to reopen, and denying her second motion to reopen.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the denial of a motion to reopen or reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Yu's motion to reconsider, where the motion failed to identify any error of law or fact in the BIA's previous order. *See* 8 U.S.C. § 1229a(c)(6); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) ("The purpose of a motion to reconsider is not to raise *new* facts, but rather to demonstrate that the IJ or the BIA erred as a matter of law or fact.").

The BIA did not abuse its discretion in denying Yu's second motion to reopen as untimely and number-barred, where Yu has not established that any statutory or regulatory exception to the filing limitations applies. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

We lack jurisdiction to consider Yu's challenges to the BIA's November 25, 2016, order denying her first motion to reopen because this petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**